IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **TAMMY WELCH,**<br><br>Plaintiff,<br><br>v.<br><br>**THE HARTFORD and BENEFIT MANAGEMENT SERVICES,**<br><br>Defendants. | Case No. 3:20-cv-454-RGJ_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company, the defendant improperly named as The Hartford, ("Hartford") and Benefit Management Services (collectively "Defendants")[1] hereby file this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 20-CI-3103, where it is currently pending, to the United States District Court for the Western District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Defendants invoke the Court's federal question subject matter jurisdiction under the Employee

---

[1] Plaintiff named "Benefit Management Services" as a separate co-defendant; however, Benefit Management Services refers to a division of Hartford and is not a separate legal entity capable of being sued. For purposes of this removal, undersigned counsel appear and remove this action for both named defendants.

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendants respectfully show the Court as follows:

1. Plaintiff Tammy Welch instituted a civil action against Defendants in the Circuit Court of Jefferson County, Kentucky, on May 26, 2020. True and correct copies of all of the pleadings, process, and orders in the Circuit Court action are attached hereto collectively as Exhibit A. No further proceedings involving Defendants have occurred in the state court action.

2. Plaintiff's Complaint was served upon the Secretary of State for the Commonwealth of Kentucky on June 1, 2020, and Plaintiff attempted to serve Benefit Management Services, which is not a legal entity, on any officer of agent of The Hartford through a P.O Box in Lexington, Kentucky. This Notice of Removal is filed within thirty (30) days of this filing of this action and well before thirty (30) days from receipt by either defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Western District of Kentucky

is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

### FEDERAL QUESTION JURISDICTION

1. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

2. In her Complaint, Plaintiff expressly alleges that she is insured under an ERISA-governed disability-insurance plan offered by her employer, Brown Foreman Corporation. *See* Ex. A at 2-3 (¶¶ 4-5). Based upon an alleged denial of her long-term disability benefits, Plaintiff asserts a count for violations of ERISA. *See id.* at 3 (¶ 8), 4 (¶ 20-21). Plaintiff seeks "disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law," "attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights," "any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including

Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history," costs, and "any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, secondary federal ERISA based claims, or other claims that may arise once discovery is complete." Ex. A at 4-5 ("Wherefore" paragraph).

3. Because Plaintiff asserts a single federal cause of action under ERISA, *see* Ex. A at 2-3 (¶ 4) ("[T]his action is subject to the terms of §502(e) of [ERISA]."), 3 ("DENIAL IS IN VIOLATION OF ERISA STATUTE"), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## **MISCELLANEOUS**

4. A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

5. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

6. This Notice of Removal is filed within thirty (30) days after filing of the complaint complaint and receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

7. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

8. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Kentucky.

9. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company and the defendant named as Benefit Management Services, by and through their undersigned counsel, pray that the above action currently pending against them in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this 23rd day of June 2020.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Braxton S. Thrash
Attorneys for Defendants

[applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 23rd day of June 2020:

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
Counsel for Plaintiff

*/s/ William B. Wahlheim, Jr.*
OF COUNSEL