# Exhibit A
# State-Court Documents

| AOC-105  Doc. Code: CI | | Case No. |
|---|---|---|
| Rev. 1-07 | | 20-CI-003103 |
| Page 1 of 1 | (Seal) | Circuit District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | County   Jefferson |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | |

**PLAINTIFF**

TAMMY WELCH

JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

VS.

**DEFENDANT**

THE HARTFORD
ONE HARTFORD PLAZA
HARTFORD CT 06155

RECEIVED
JUN 01 2020
SECRETARY OF STATE

**Service of Process Agent for Defendant:**
SECRRETARY OF STATE

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: MAY 26 2020, 2_____

DAVID L. NICHOLSON, CLERK
By: _____ Clerk
_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. **20CI003103** JEFFERSON CIRCUIT COURT
DIVISION _____

TAMMY WELCH ) PLAINTIFF
)
v. )
) COMPLAINT
)
) JEFFERSON CIRCUIT COURT
) DIVISION NINE (9)
THE HARTFORD )
One Hartford Plaza )
Hartford, CT 06155 )
) DEFENDANT
)
SERVE: )
SECRETARY OF STATE )
)
-and- )
)
BENEFIT MANAGEMENT SERVICES )
The Hartford
PO Box 14306
Lexington KY 40512-4306

SERVE:
ANY OFFICER OR AGENT

\*\*\*     \*\*\*     \*\*\*

Comes the Plaintiff, TAMMY WELCH, by counsel, and for her cause of action against Defendant states as follows:

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY _____ D.C.

PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, The Hartford, (hereinafter "carrier" or "Defendant" or " Hartford" ) is a corporation doing business in the Commonwealth of Kentucky.
3. The Defendant BENEFIT MANAGEMENT SERVICES. ("BMS") is the plan administrator for the long term disability policy ("STD") that forms the basis of this litigation. (For purposes of this Complaint both Defendants will be referred in the singular "Hartford").
4. This is an action brought by a participant to recover LTD due to Plaintiff and, since the fund is

employer based, the action is subject to the terms of §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), it a simple contract for disability insurance and wage replacement benefits.

## FACTS

5. Plaintiff was a full-time employee of Brown Foreman Corporation. (insured ID 9004406320; Plan number GLT 3955245) for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract.
6. As a full time employee, Plaintiff was eligible for, and was participating in the LTD plan offered by employer.
7. At all times relevant to this Complaint, the Plan was administered by Hartford and at all relevant times Hartford remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
9. During the appeal process Hartford compelled the Plaintiff to apply for Social Security Disability Benefits ("SSDI").
10. Plaintiff then applied for and was disapproved for LTD benefits by Hartford.
11. Hartford's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Hartford fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
12. Hartford's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability. Hartford refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Hartford's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.
14. Hartford is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

15. Since Hartford compelled Plaintiff to apply for SSDI benefits it is bound to the review the decision of the SSA even if said decision is outside of the administrative review time period.
16. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
17. Defendant Hartford's conclusions that Plaintiff is not totally disabled, and/or does not suffer from medically documented restrictions and limitations that prevent full time employment, was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.
18. At all relevant times Hartford was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

19. Pursuant to the tenants of simple contract Plaintiff is entitled to LTD disability benefits under the Plan.
20. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of Kentucky law.
21. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights;
2. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
3. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;

4. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, secondary federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 STORY AVE.
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228